THE STATE COMPANY ET AL. v. A. A. FINLEY.

(Filed 21 May, 1909.)

1. **Deeds and Conveyances — Cities and Towns — Streets — Title Acquired—Subsequent Purchasers—Sleeping on Rights.**

A land company acquired certain lands, laid them off into lots, with streets, platted them and incorporated a town therewith, sold a part thereof to defendant for a farm, conveying the title to the streets within the boundaries of his conveyance, and defendant obtained a quitclaim deed from the town authorities to the streets thus conveyed: *Held,* (1) subsequent purchasers of lots in a different part of the town so laid off could not maintain an action to enjoin defendant from blocking up the streets thus acquired by him on his own land; (2) an action begun more than ten years after defendant had acquired the deed from the land company and the quitclaim deed from the town would be barred by plaintiffs having slept on their rights, if any they had.

2. **Deeds and Conveyances — Cities and Towns — Streets — Title Ac-
   quired—Equitable Rights—Parties in Interest—Parties to Con-
   veyance—Estoppel.**

   When some of the plaintiffs claim as heirs at law of one who
   was an officer of defendant's grantor corporation, and, as such, a
   party to his conveyance, and the other plaintiffs are two corpora-
   tions, the majority stock of which was held by one also an officer
   of defendant's grantor, no equitable rights can be asserted by
   them.

ACTION tried before *Justice, J.*, and a jury, at January Term,
1909, of WILKES.

In 1890, upon completion of the railroad to a point opposite
Wilkesboro, the Winston Land Company purchased the land
around the new station and laid it off into lots, streets and
alleys for a town. They made a map of the new town, which
they procured to be incorporated as North Wilkesboro. The
streets designated by the letters of the alphabet run east and
west—B, C and D running westwardly to Reddie's River. The
streets named by number—First, Second, Third, and so on—
run north and south. The town is laid off in the northeast
angle formed by the junction of Reddie's River with the Yad-
kin. Lying between the town and these rivers, on the south
and west of the town, is low bottom land, suitable for farming
and subject to overflow. No lots were ever laid off in this bot-
tom land, save between B, C and D streets, and no lots were
sold west of an alley which was laid off 170 feet west of Tenth
Street. In 1893, the Winston Land Company laid off an alley
30 feet wide, running from A to D streets, 170 feet west of and
parallel with Tenth Street. It laid off the lots on this 170-foot
strip lying between Tenth Street and this 30-foot alley, facing
these lots westwardly on Tenth Street. All the land west of this
30-foot alley north of B Street the land company sold to the
defendant, by the acre, for farming purposes, and quitclaimed
the streets and alleys which had been laid out thereon. In
February, 1897, the town commissioners passed an ordinance
vacating the streets and alleys which had been laid out by the
land company on the land sold as above to the defendant and,
in addition thereto, the town executed a deed conveying to the
defendant whatever rights the town had in said discontinued

streets and alleys. Upon these discontinued streets, lots and
alleys, dwellings and manufacturing plants have since been
erected. The streets, lots and alleys thus discontinued had been
surveyed and laid down on the map, but the streets and alleys
were never graded and no lots facing upon them were sold.
Upon the conveyance to the defendant, in 1893, he fenced off
his purchase. The plaintiffs are owners of lots in the other
parts of the town, but all these lots, except one, were acquired
by them after the sale to the defendant, and the owners of that
lot are the heirs of W. M. Absher, who was a large stockholder
and director in the Winston Land Company, and, in his official
capacity, party to the deed to the defendant. The only other
plaintiffs are the State Company and the Deposit Bank, of both
of which W. F. Trogden is president and owner of a majority
of the stock. He was secretary, treasurer and managing agent
of the Winston Land Company, and as such was a party to the
deed to the defendant. The summons herein issued 30 April,
1907. On motion the action was dismissed as on nonsuit.

*W. W. Barber, Louis M. Swink, F. D. Hackett* and *C. G.
Gilreath* for plaintiffs.
*Manly & Hendren* and *Finley & Hendren* for defendant.

CLARK, C. J., after stating the case: This action is to compel
the defendant to open the streets and alleys on the land sold to
him, and is governed by *Church v. Dula,* 148 N. C., 262. This
section of the proposed town was, it is true, laid off on the map,
but it was cut off, conveyed to defendant and fenced out before
any of the streets and alleys were ever used, and no lot was
ever sold in this abandoned section. The land company con-
veyed this section, including the proposed streets and alleys, to
the defendant, in 1893, and, in February, 1897, the town author-
ities quitclaimed to the defendant any rights it might have to
the streets and alleys in this abandoned and discarded "cut-off."
This action began more than ten years thereafter—30 April,
1907. The plaintiffs have slept on their rights, if any they had.
*Staton v. Railroad,* 147 N. C., 428.
Besides, the plaintiffs are in no situation to assert any equi-
table rights. All the lots they hold were acquired after the land

company had conveyed this "cut-off" to the defendant, except one held by the heirs of W. M. Absher, who was a party, as·an officer of the land company, to the deed to the defendant, and the other plaintiffs are two corporations, the president and owner of the majority of the stock in both of which companies (W. F. Trogden) was likewise an officer of the land company and a party to the conveyance to the defendant.

The judgment dismissing the action as of nonsuit is
Affirmed.