## DUKE LAND AND IMPROVEMENT COMPANY v. THE TOWN OF MURPHY.

(Filed 20 December, 1919.)

**Dedication—Acceptance—Easements—Municipal Corporations—Cities and Towns—Corporations—Officers—Principal and Agent.**

Where the president, general manager, and nearly the sole owner of a corporation has gone with the commissioners of a town to see if the corporation will allow the town a part of the corporation's land for the site of a municipal reservoir, and he has orally instructed them to go ahead and use it; that it would be of benefit to the corporation, upon which the commissioners act and construct their reservoir thereon, these acts will amount to a dedication of the land by the corporation, and an acceptance by the town for the purpose of a reservoir, there being no particular form or any writing or length of time necessary for the dedication, and the authority of such officer is implied from his official character and status with the corporation.

CIVIL ACTION, tried before *Webb, J.,* at June Term, 1919, of CHERO-KEE, upon these issues:

"1. Was there a dedication of an easement in the land used for a water basin of the water system of the town of Murphy, and over which pipe lines run to and from said basin, being six acres? Answer: 'No.'

"2. Is the plaintiff, Duke Land and Improvement Company, the owner of said land? Answer: 'Yes.'

"3. What damages, if any, is plaintiff company entitled to recover on account of the taking of said land? Answer: '$100.'"

From judgment rendered the defendant appealed.

*M. W. Bell and Fuller, Reade & Fuller for plaintiff.*
*Dillard & Hill for defendant.*

BROWN, J.   The court instructed the jury that if they believed all the evidence they should answer the first issue "No," and the second issue "Yes."   In this instruction there was error.   There is evidence tending to prove that the reservoir site for which the plaintiff seeks compensation was the property of the plaintiff, and that B. L. Duke was the president and general manager, as well as director, of the Duke Land and Improvement Company, and the owner of 4,448 shares of its capital stock, the total capital stock being 4,450 shares.   The defendant desired a reservoir site on the lands of the plaintiff, and so advised Mr. Duke, the president and general manager.   He came to Murphy, went with the town commissioners and looked over the property site.   He told them to go ahead and use it, and there would be no charge, for as, in his opinion, the waterworks would benefit him more than any one else. The town went into possession of the land, built the reservoir on it, and constructed a pipe line over its lands leading from the reservoir.   After the waterworks were installed the plaintiff sold all of its property at Murphy except the small tract on which the reservoir was located, at a vastly increased price, and then sued the town for the value of the reservoir site.

We think there is sufficient evidence to go to the jury tending to prove that there was a dedication of the reservoir site to the public use, and that the president had the authority, acting for and in behalf of the plaintiff, to dedicate the reservoir site.   It doesn't require any definite period of time to consummate the dedication.   The principle is well stated by *Mr. Justice Hoke* in *Tise v. Whitaker*, 146 N. C., 374: as follows:   "If there is a dedication, completed by acceptance on the part of the public, or by persons in a position to act for them, the right at once arises, and the time of use is no longer material.   The dedication may be either in express terms, or it may be implied from conduct on the part of the owner.   .   .   .   It may exist without any express grant, and need not be evidenced by any writing, nor, indeed, by any form of words, oral or written."

We think there is also ample evidence to show that Duke had authority to act for the corporation, and that the corporation acquiesced in what he did.

A corporation which owns and deals with lands can make dedications within its power.   Just how far a corporation is bound by the declaration of its officers depends upon the circumstances of each particular case, but when a use is opened by an officer of a corporation and is enjoyed by the public, the assent of the corporation will be presumed. 13 Cyc., 442.

As is said by this Court:   "The powers of one who has been appointed general manager of the business of a corporation, are, in America, gen-

erally understood to be coextensive with the general scope of its business. He has, for example, the implied power to dispose of its property in the ordinary course of its business. A person dealing with the corporation through him may safely act on the assumption of his possessing this power, in the absence of anything indicating a want of it." *Watson v. Mfg. Co.*, 147 N. C., 475.

In this case Duke was not only the president and general manager of the corporation, but he was the owner of all its capital stock except two shares. It is a fair inference from all the evidence that the act of Duke in dedicating this reservoir site was acquiesced in by the other two stockholders who owned one share each, for it is manifest that Duke was the corporation and the corporation was Duke. He controlled its affairs absolutely and his corporation has received the benefit from the enhanced value of its lands growing out of these municipal improvements.

New trial.