FLORA A. ELLER v. W. H. STAR.

(Filed 8 December, 1920.)

**Deeds and Conveyances—Plats—Streets—Lots—Purchaser—Dedication.**

> Where the owner of land plats it into lots, streets, etc., stakes them off in accordance with the plat, and offers the lots for sale as so marked, and a purchaser buys one of these lots in accordance with the representations thus made, he acquires the right to the use of the streets, which will not be lost as against other purchasers in the absence of his consent, whether the dedication of the streets has been accepted by the municipal authorities or not; and a purchaser of such lots may not close a street beneficial to the use or enjoyment by another such purchaser.

APPEAL by defendant from *Harding, J.,* at June Term, 1920, of WILKES.

In 1892 a land company purchased 100 acres inside Wilkesboro, and had it laid off into blocks, lots, streets, and alleys, and a map was made. At a public sale many lots were sold off by this map, which was on exhibition, and in addition streets were trimmed out and stakes driven up to show the actual location. Among these streets was Main Street, running west from the courthouse, and Cherry and Spruce streets, running north and south and crossing Main Street, and College Street, running parallel with Main Street, and crossing Cherry Street.

The plaintiff owns three lots in block 32, which is bounded on the west by Cherry Street, on the north by College Street, on the east by Spruce street, and on the south by Church Street. Defendant built a wire fence entirely across Church Street on the east of Cherry Street, and has completely obstructed the passage from plaintiff's lot to Cherry Street, the one improved street leading to Main Street, and her only outlet. The plaintiff contends that the land company having dedicated a strip of land 50 feet wide, designated on the map as Church Street, and sold numerous lots to divers persons with reference to said map, the land company could not revoke the dedication without first obtaining the consent of all persons who have acquired property in good faith with reference to the map as well as the consent of the public authorities.

The jury found that the land company laid out the lots and streets which were surveyed off and staked and a map made thereof, and sold lots at public auction, among them plaintiff's lots, in connection to their relative position in regard to Church, Cherry, and other streets, and that the land company did not revoke and discontinue these streets, nor did the plaintiff acquiesce therein, and had no notice of any attempted revocation when she purchased these lots; that the defendant is obstructing Church Street, and the plaintiff is not barred by laches.

Upon the verdict, judgment was entered that "the space of 50 feet in width extending from Cherry Street east to Spruce Street, and to the eastern end of Church Street, as the same was originally laid out, surveyed, staked off, and mapped, and as shown on the Wilkesboro Land and Development Company's map of Wilkesboro, known as the J. D. Wilson map, and as shown on K. M. Allen's tracing of said map, is hereby declared a street for the use and convenience as such to the plaintiff and persons owning lots adjacent to said Church Street, and it is therefore ordered and adjudged that the defendant be and is hereby ordered to remove the obstruction set up in the complaint, and the defendant is further restrained and enjoined from interfering with the use of said Church Street, and it is adjudged that the defendant pay the costs of this action."   Appeal by defendant.

*Hayes & Jones for plaintiff.*
*F. B. Hendren for defendant.*

CLARK, C. J.   The evidence is somewhat voluminous, and there are many exceptions, but the decision of this appeal practically depends upon the correctness of the following instruction, which is assigned as error:

"The burden is on the defendant, gentlemen of the jury, on this issue, to satisfy you that there was such a revocation.   Under the law of this State, whenever any person, whether it be a corporation or an individual, conveys a tract of land, whether in a city or not in a city, whether out of the corporation or in the corporation, and surveys it out and marks out upon the face of the land streets, alleys, subdivides it up into blocks and lots, and makes a map of it, and holds out the plat and the map which is the plat, and the survey, and offers those lots for sale, based on that plat, and the survey calls for the streets set out in the survey and plats, and the purchaser buys that property with the understanding and the representation that the streets are there, and are to remain there, the purchaser buys the property for building lots or otherwise, the law says that the owner of the land has dedicated to public use for streets that part of the land marked out on the map and designated on the face of the ground as streets, that it becomes the property of the public; that is, it has the right to use it, to go upon it, that the property owners who purchased the lots have a right to have the streets remain as laid out; that the owners of the land have no right, at their own arbitrary will, moved by interest, or factiousness, or otherwise, to close them; that they have no right to do that; that they have been fixed for the use of the public—that is what the law means by dedication, for that it has been sold to the public—not that it has been conveyed

by any conveyance by deed, but when they make the map and sell the land with the marks on the ground, and so hold out to the purchasers, and the land is purchased on that basis, there is then such a dedication for the public use of streets that they are not permitted to take it back; although the title to the fee may be in them, there is an easement that belongs to the public which they cannot revoke."

We think this is a correct statement of the recognized law as laid down in our decisions with uniformity. The subject is fully discussed with citation of our authorities to the above effect by *Allen, J.,* in *Elizabeth City v. Commander,* 176 N. C., 26. In a still more recent case, *Wittson v. Dowling,* 179 N. C., 542, *Hoke, J.,* reciting our authorities, restates the same principles, quoting, among others, from *Avery, J.,* in *S. v. Fisher,* 117 N. C., 733, as follows: "If he and those claiming under him had sold a single lot abutting on this apparent extension of North Elm Street, he, and those claiming under him, would have been estopped from denying the right of such purchaser, and those in privity with him, to use the street as laid down in the plat, . . . and this dedication of an easement, appurtenant to the land sold, would have been, as between the parties, irrevocable, though the street had never been accepted by the town for public use."

The company could not have lawfully revoked and discontinued the streets, unless every one concerned had acquiesced. *Wittson v. Dowling, supra.*

No error.