Civil action to establish plaintiff's ownership in an open square in the town of Dunn, abutting on the railroad's right of way through said town, and to restrain defendant from trespass and other wrongful interference with plaintiff's rights therein. Defendant denied plaintiff's ownership of the property, and in a further answer averred that said square had been dedicated as a public square and accepted as such by the town authorities before plaintiff had or claimed any right therein, and prayed for an injunction restraining plaintiff from alleged wrongful trespass or use of said square. The cause was submitted and verdict rendered on the following issue:
"Is the plaintiff the owner in fee simple, and entitled to the possession of the land described in the complaint? Answer: `Yes.'"
Judgment on the verdict for plaintiff, and defendant excepted and appealed.
There was evidence to the effect that in 1886 one (428) Henry Pope, admitted to be the owner, conveyed to H. Walters and J. B. Edgerton 37 1/2 acres of land, covering the land or square in controversy. That in 1892 said Walters and Edgerton conveyed said property, or the portion of it that contained the square, to the East Carolina Land and Improvement Company. That on 28 May, 1907, said land and improvement company conveyed the land in dispute to plaintiff, and said plaintiff had occupied and controlled the said land, asserting ownership under its deed since said date. There was evidence on the part of the defendant tending to show that said Walters and edgerton, while owners of said property in fee, made a subdivision of a portion of said 37 1/2 acres, which subdivision included the locus inquo, divided same into streets, alleys, blocks, with a public square, for the purpose of creating the present town of Dunn. That a blue-print was made of the property showing the lots as an open public square, and in 1887 said parties conducted an auction sale of numbers of these lots, at which it was stated that the site was to be and remain an open square, etc., lots were sold, and deeds made as adjoining said square. And it was publicly announced at the time that the square would never be sold, but would be and remain a public square for the use and convenience of the public. And there were facts in evidence permitting the inference that some of the railroad officials and others largely interested as owners of the stock were present at the sale and acquiescing in these assurances. There was further evidence for the defendant that *Page 459 
the authorities of the town of Dunn, which was incorporated in 1887, had accepted the dedication of the property in controversy as a public square. That in 1892 it had caused an official map of the town to be made, naming the streets, blocks, etc., largely following the plat as made by Walters and Edgerton and recognizing the property in dispute as a public square designated as Lucknow Square, so named in said official record of maps of the town. That some of the lots sold abutting on the square had been improved by the owners, and the city had constructed concrete sidewalks on the western side of the property, and has paved the western edge as a street and had extended Cumberland Street through the property and paved the same, and other uses had of the square shown for the benefit of the general public. Upon this opposing testimony, the court charged the jury, among other things, as follows, and which was duly excepted to by appellant:
"The plaintiff contends that it is the owner in fee of the land, and that it has been in the continuous, quiet, and peaceable possession of the land since 1907, about eleven years, and that the title extends back an unbroken chain to the Pope deed to Walters and Edgerton in 1886, about thirty-two years, and that it, and those under whom it claims, have now occupied and held adversely to all persons the land in question. I instruct you, gentlemen of the jury, that seven (429) years adverse possession under known and visible lines and boundaries, and under color of title, will ripen title, and be a bar to all persons if no disability, and there is no evidence of disability in this case of any person being under disability."
The true title having been admitted to be in Henry Pope, that as an abstract proposition is correct, but when considered in reference to the facts in evidence, and the opposing positions of the parties arising thereon, we are of opinion that this instruction is erroneous. In 1891, chapter 224, the Legislature, changing the law as it had formerly prevailed, enacted a statute, now appearing in C.S. 435, as follows: "No person or corporation shall ever acquire an exclusive right to any part of a public road, street, lane, alley, square, or public way of any kind by reason of any occupancy thereof or by encroaching upon or obstructing the same in any way, and in all actions, whether civil or criminal, against any person or corporation on account of an encroachment upon or obstruction or occupancy of any public way it shall not be competent for a court to hold that such action is barred by any statute of limitations." Under the provisions of this statute, the effect of which, on the law as it formerly existed, is referred to in Threadgill v. Wadesboro, 170 N.C. 641, and other cases. If the defendant's evidence is accepted by the jury, *Page 460 
and there was a completed dedication of the square, the right of the public therein was immediately established and thereafter a title by adverse possession could no longer be acquired or maintained against it. In Haggardv. Mitchell, 180 N.C. 255; Wittson v. Dowling, 179 N.C. 542; State Co. v.Finley, 150 N.C. 726; Tise v. Whitaker, 146 N.C. 374. True, the court in its further charge made elaborate, and in the main a very correct statement of the law appertaining to dedication and acceptance of these public easements, but he nowhere modifies the charge as above set out, or instructed the jury that in case a completed dedication is established, a title by adverse possession could, under no circumstances, prevail against it. Standing alone and without further statement or explanation, the charge could very well be interpreted to mean that notwithstanding a previous dedication and acceptance, if plaintiff had thereafter shown adverse possession, under known and visible lines and boundaries for seven consecutive years, it would be a valid title. It is not unlikely that the charge excepted to was so understood by the jury, and in our opinion, as stated, must be held for prejudicial error entitling defendant to a new trial.
Venire de novo.
Cited: Gault v. Lake Waccamaw, 200 N.C. 599; McPherson v. Williams,205 N.C. 178.
(430)